NAME **Ramon Murillo**

PRISON NUMBER **P43503**

CURRENT ADDRESS OR PLACE OF CONFINEMENT **480 Alta Road**

CITY, STATE, ZIP CODE **San Diego CA 92179**

```
┌──────────────────────┐   ┌──────────────────────────┐
│ 2254 ✓   1983         │   │      FILED               │
│ FILING FEE PAID       │   │    MAY 2 9 2008           │
│ Yes ___  No ___       │   │ CLERK, U.S. DISTRICT COURT│
│ IFP MOTION FILED      │   │ SOUTHERN DISTRICT OF CALIF.│
│ Yes ___  No ✓         │   │ BY _____      DEPUTY   │
│ COPIES SENT TO        │   └──────────────────────────┘
│ Court ✓  Pro Se       │
└──────────────────────┘
```

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**Ramon Murillo** ,
(FULL NAME OF PETITIONER)

                              PETITIONER

v.

**Robert Hernandez warden**
(NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

                              RESPONDENT

                    and

_____ ,

The Attorney General of the State of
California, Additional Respondent.

Civil No. **'08  CV 0957 BEN PCL**

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   **San Bernardino Superior court**

2. Date of judgment of conviction: **1949**

3. Trial court case number of the judgment of conviction being challenged: _____
   **FSB1948 (FSB1998)**

4. Length of sentence: **32 years**

CIV 68 (Rev. Dec. 1998)                                          K:\COMMON\FORMS\CIV-68.

5.  Sentence start date and projected release date: START June 1999 end in January 2032

6.  Offense(s) for which you were convicted or pleaded guilty (all counts): _____
    88(a)(B)

    _____

7.  What was your plea? (CHECK ONE)
    (a)  Not guilty         ☑
    (b)  Guilty             ☐
    (c)  Nolo contendere    ☐

8.  If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a)  Jury       ☑
    (b)  Judge only ☐

9.  Did you testify at the trial?
    ☑ Yes  ☐ No

**DIRECT APPEAL**

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☑ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a)  Result: Reverse in Part, AFFIRM in Part
    (b)  Date of result, case number and citation, if known: 2000

    _____

    (c)  Grounds raised on direct appeal: _____
    VIOLATION OF DUE Process and VIOLATION
    OF 6th, 14th Amendment

    _____

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a)  Result: PETITION DENIED
    (b)  Date of result, case number and citation, if known: ?

    _____

    (c)  Grounds raised: _____
    Same as above

    _____
    _____

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _Denied_

    (b) Date of result, case number and citation, if known: _no. 04-7977_

    (c) Grounds raised: _____

    _Same as in Direct appeal._

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☒ Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number: _SWHSS - 9218_

    (b) Nature of proceeding _Writ of Habeas corpus_

    (c) Grounds raised: _Violation of 6th & 14th Amendment_ _for aggravating sentence and wrongful instruction_

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☒ No

    (e) Result: _Denied_

    (f) Date of result: _2-23-07_

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☐ Yes  ☐ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number: E042540

    (b) Nature of proceeding: WRIT OF Aabeas Corpui

    (c) Grounds raised: Same - Violation of 6th & 4th Amendments. - aggravating TERM and wrongful jury instructions

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☒ No

    (e) Result: Denied w/out opinion

    (f) Date of result: March 21, 2007

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☐ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number: S154102

    (b) Nature of proceeding: WRIT OF Habeas Corpus En Banc

    (c) Grounds raised: Violation of 6th & 14th Amendment by giving a Aggravating sentence and wrongful instructions -

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☒ No

    (e) Result: Denied w/out Citation or opinion

    (f) Date of result: January 3, 2008

20.  If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____ N/A _____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21.  Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☐ Yes ☒No     (IF "YES" SKIP TO #22)

(a)  If no, in what federal court was the prior action filed? *Central District Court*

(i)  What was the prior case number? _3_

(ii)  Was the prior action (CHECK ONE):
☒Denied on the merits?
☐ Dismissed for procedural reasons?

(iii) Date of decision: _2004_

(b)  Were any of the issues in this current petition also raised in the prior federal petition?
es ☒No

(c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
☐ Yes ☒No

---

CAUTION:

- **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:**  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE:** Violation of The Sixth Amendment and Due Process of Law To have a Jury trial find guilt of all Facts Beyond a Reasonable Doubt

Supporting FACTS (state *briefly* without citing cases or law) _____

*See Attach Memorandum *

Did you raise GROUND ONE in the California Supreme Court?
☒ Yes ☐ No.

CIV 68 (Rev. Dec. 1998)                                    K:\COMMON\FORMS\CIV-68.

-6-

(b) **GROUND TWO**: Violation of Cotn & 14th Amend, by instructing the Jury with CalJic 250.01, in which Losend The Burden of Proof.

**Supporting FACTS** (state *briefly* without citing cases or law): _____

\* see attached memorandum.

**Did you raise GROUND TWO in the California Supreme Court?**
☒ Yes ☐ No.

(c) **GROUND THREE:** _____

_____

_____

**Supporting FACTS** (state _briefly_ without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☐ No.

CIV 68 (Rev. Dec. 1998)

K:\COMMON\FORMS\CIV-68.

(d) **GROUND FOUR**: _____

_____

N/a

_____

**Supporting FACTS** (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

24. If your answer to #23 is "Yes," give the following information:

(a) Name of Court: _____

(b) Case Number: _____

(c) Date action filed: _____

(d) Nature of proceeding: _____

_____

(e) Grounds raised: _____

_____

_____

_____

_____

(f) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: ATTORNEY from Public Defender OFFICE SAN Bernardino COUNTY

(b) At arraignment and plea: // //

(c) At trial: // //

(d) At sentencing: // //

(e) On appeal: CANNOT Remember

(f) In any post-conviction proceeding: PRO PER

(g) On appeal from any adverse ruling in a post-conviction proceeding: PRO PER

CIV 68 (Rev. Dec. 1998)                    -10-                    K:\COMMON\FORMS\CIV-68.

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

☑ Yes  ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

☐ Yes  ☑ No

   (a)  If so, give name and location of court that imposed sentence to be served in the future:

_____

   (b)  Give date and length of the future sentence: _____

_____

   (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

   ☐ Yes  ☐ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

5-25-08

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

5/25/08

(DATE)

_____

SIGNATURE OF PETITIONER

Ramon Murillo P43503
480 Alta Road
San Diego CA 92179

United States District Court,
Southern District of California

Ramon Murillo
        Petitioner

v.

Robert Hernandez
        Warden
        Respondent

No Case no.

Memorandum of Points
and Authority for
Writ of Habeas Corpus

To the Honorable District Court, the
Petitioner herein files this writ under a
Indigent State Prisoner of R.J. Donovan
State Prison.

Respectfully Submitted

Ramon Murillo

**GROUND ONE;** VIOLATION OF THE SIXTH AMENDMENT AND TO DUE PROCESS OF LAW TO HAVE THE JURY TRIAL FIND GUILTY OF ALL THE FACTS BEYOND A REASONABLE DOUBT AND NOT A TRIAL JUDGE;

PETITIONER MOVES THIS COURT IN STARE DECISIS . THE PETITIONER PRESENTED THIS ISSUE TO THE CALIFORNIA SUPREME COURT IN WHICH THE COURT DENIED THE WRIT WITHOUT OPINION OR CITATION AS TO THE REASON OF DENIAL. THE PETITIONER DID EXHAUST HIS STATE REMEDIES AS TO THIS ISSSUE AND REVIEW BY THIS COURT IS PROPER.

**FACTS OF THE CASE;**

PETITIONER WAS FOUND GUILTY BY A JURY  TO THE MID-TERM SENTENCE. THE PETITIONER TESTIFIED AT TRIAL. THE PETITIONER DID NOT HAVE A PRIOR FELONY RECORD.  THE TRIAL COURT SENTENCE THE PETITIONER TO THE HIGHER TERM BY A PREPONDERANCE OF EVIDENCE NOT PRESENT TO THE JURY AND BY EVIDENCE ALREADY CONSIDER BY THE JURY TO FIND THE DEFENDANT GUILTY IOF THE THE MID-TERM SENTENCE. THE PETITIONER DID SEEK DIRECT APPEAL AND REVIEW BY THE CALIFORNIA SUPREME COURT . THE PETITIONER DID FILE A TIMELY FEDERAL WRIT ON OTHER ISSUES AND DID FILE A CERTIORARI IN THE U.S SUPREME COURT WHICH THE U.S SUPREME COURT DENIED CERTIORARI IN 2005. THEREFORE , THE PETITIONER CONVICTION BECOME FINAL AFTER THE DENIAL OF THE U.S SUPREME COURT DENIAL OF CERTIORARI (CASPARI V BOHLEN (1994) 510 U.S 383,390).

PETITIONER , ARGUED SIMILAR ARGUMENT OF CUNNINGHAM V CALIFORNIA (2007)__U,. __U.S__[127 S.CT 856,166L.ED.2d 856]. THE DEFENSE IN PETITIONER CASE SPECIFICALLY OBJECTED TO THE INPOSITION OF THE UPPER TERM AND CONSECUTIVE TERMS (RT 1115,1120). IT WAS ARGUED THAT THE TRIAL COURT MISUNDERSTOOD ITS SCOPE OF DISCRETION UNDER THE SETENCING CODE 1170. THE TRIAL COURT FAILED TO STATE ON THE RECORD HAS IT MUST THE REASON FOR SENTENCING THE PETITIONER UNDER WHAT AUTHORITY IT EXERCISE ITS DISCRETION TO USE TO IMPOSE CONSECTIVE UPPER TERMS ON THE PETITIONERS COUNT'S.

PETITIONER CASE IS NOT DISTINGUSABLE FROM THE CUNNINGHAM V CALIFORNIA SUPRA, BECAUSE JUST AS IN CANNINGHAM THE PETITIONER TRIAL JUDGE SENTENCE THE PETITIONER TO A ILLEGAL SENTENCE OF THE UPPER TERM, IN WHICH IT VIOLATES THE PETITIONER SIXTH AMENDMENT RIGHT AND DUE

PROCESS OF LAW. PETITIONER WAS FOUND GUILTY BY A JURY TO THE MID-TERM. THE IMPOSITION OF THE UPPER TERM BY THE TRIAL JUDGE BY PREPONDERANCE OF EVIDENCE IS UNCONSTITUTIONAL AND PETITIONER IS SERVING A ILLEGAL SENTENCE. .

"THE RELEVANT STATUTORY MAXIMUM, THE SUPREME COURT HAS CLARIFIED, "IS NOT THE MAXIMUM SENTENCE A JUDGE MAY IMPOSE AFTER FINDING ADDITIONAL FACTS , BUT THE MAXIMUM HE MAY IMPOSE WITHOUT ANY ADDITIONAL FINDINGS" (APPRENDI V NEW JERSEY, 530 U.S 466 (2000); RING V ARIZONA, 536 U.S 584 (2002); BLAKELY V WASHINGTON 542 U.S 296 (2004).

IN THE INSTANT CASE, THE JURY's VERDICT ALONE LIMITED THE PERMISSIBLE SENTENCE TO 6 YEARS. ADDITIONAL FACT FINDING BY THE TRIAL COURT BY A PREPONDERANCE OF EVIDENCE THE TRIAL COURT IMPOSE A ILLEGAL SENTENCE TO THE UPPER TERM OF 8 YEARS, VIOLATING THE PETITIONERS CONSTITUTIONAL RIGHTS.

THE CUNNINGHAM COURT SUPRA, MADE IT CLEAR THAT FACT FINDING TO ELEVATE
A SENTENCE , FALLS WITHIN THE PROVINCE OF THE JURY EMPLOYING A BEYOND
A REASONABLE DOUBT STANDARD , NOT THE BAILIWICK OF A JUDGE DETERMINING
WHERE THE PREPONDERANCE OF THE EVIDENCE LIES.

IN THE PETITIONER CASE, THE TRIAL JUDGE USE THE ABUSED OF TRUST AND
IT OVERLAP WITH THE VULNERABLE VICTIM FINDING, THEREFORE, ONE FACTOR
DIVIDED   AS TWO. THE COURT DID NOT ARTICULATE A STATEMENT OF REASONS
FOR A SENTENCE WHEN A LOWER OR UPPER TERM SENTENCE, IN WHICH THE TRIAL
COURT FAILED TO DO ON PETITIONER CASE. (RULES 4.406(b), 4.420(e).

IN THE STATE CASE OF PEOPLE V SANDOVAL ,NO. S148917 THE COURT
DECIDED THAT;

IMPOSITION OF THE UPPER TERM IN THE SANDOVAL CASE VIOLATED THE
DEFENDANTS SIXTH AMENDMENT RIGHT TO A JURY TRIAL BECAUSE THERE WERE NO
AGGRAVATING FACTORS ESTABLISHED BY THE JURY's VERDICT, THE DEFENDANT's
ADMISSIONS, OR ANY RECORD OF PRIOR CONVICTION. SUCH A SIXTH AMENDMENT
VIOLATION MUST RESULT IN REVERSAL UNLESS THE ERROR WAS HARMLESS BEYOND
REASONABLE DOUBT. THE COURT DECIDED THAT THE ERROR IN THE SANDOVAL
CASE WAS NOT HARMLESS, BECAUSECand NOT BE DETERMINED BEYOND A
REASONABLE DOUBT THAT JURY WOULD HAVE FOUND SAME AGGRAVATING FACTORS
TO BE TRUE HAD THE FACTORS BEEN FULLY TRIED.

THE PETITIONER CURRENT SSENTENCE IS A RESULT OF A UNAUTHORIZED
SENTENCE. THEREFORE THE PETITIONER HAS SUFFER A MISCARRIGE OF JUSTICE
AS HE RECEIVED A ILLEGAL SENTENCE , JUST AS IT IS TO CONVICT AN
INNOCENT PERSON. ( UNITED STATES V AMELINE (9TH CIR.2005) 409 F.3D
1073,1081 [ VACATING A SENTENCE AND ORDERING RESENTENCE IN ACCORDANCE
WITH UNITED STATES V BOOKER (2005) 543 U.S 220 [125 S.CT 738 ,160
L.ED.2d 621)CITATION AND INNER QUOTATION MARKS OMMITTED.

THE PROBATION REPORT WAS AN INSUFFICIENT BASIS TO ESTABLISH THESE
FACTS AND THE TRIAL COURT COULD NOT USE IT AS A BASIS TO IMPOSE THE
UPPER TERM. ( UNITED STATES V LOPEZ-MONTANEZ (9TH CIR.2005) 421 F.2d
926); SHEPARD V UNITED STATES (2005) 544 U.S 13,24,125 S.CT 1254.

THE SUPREME COURT OF THE U.S HAS REPEATEDLY HELD THAT, UNDER THE

SIXTH AMENDMENT,ANY FACT THAT EXPOSES A DEFENDANT TO A GREATER
POTENTIAL MUST BE FOUND BY A JURY ,NOT A JUDGE ,AND ESTABLISHED
BEYOND A REASONABLE DOUBT,NOT MERELY BY A PREPONDERANCE OF THE
EVIDENCE. WHILE THIS RULE IS ROOTED IN LONGSTANDING COMMON-LAW
PRACTICE,ITS EXPLICIT STATEMENT IN U.S SUPREME COURT DECISIONS.
 **AS PETITIONER PRESENT THIS CLAIM AS PETITIONER CURRENT SENTENCE
POSES A GRAVE CONSTITUTIONAL QUESTION.**(SEE: JONES V U.S 526 U.S
227(1999);APPRENDI V NEW JERSEY SUPRA: BLAKELY V
WASHINGTON,SUPRA).
THE SUPREME COURT MADE IT CLEAR THAT FACTS PERMITTING AN UPPER
TERM SENTENCE ,THE SYSTEM CANNOT WITHSTAND MEASUREMENT AGAINST
THE SIXTH AMENDMENT PRECEDENT.
    THEREFORE, THE PETITIONER IS ENTITLE TO A GRANT OF THIS WRIT
EITHER GRANTING A JURY TRIAL FOR A FINDING OF AGGRAVATING FACTORS
OR TO BE RESENTENCE TO THE MID TERM UNDER THE PEN CODE OF 1999
WHEN PETITIONER WAS ORIGINALLY CONVICTED.
    PETITIONER CASE ,RESOLUTION NOW RESTS ON INTERPRETATION OF AN
INTERVENING SUPREME COURT CASE:**CUNNINGHAM V CALIFORNIA NO.
05-6551 (2007)**IN CUNNINGHAM ,THE COURT DEFINITIVELY HELD THAT
"SENTENCE TO THE UPPER TERM VIOLATES THE SIXTH AMENDMENT RIGHT TO
A JURY TRIAL OF REASONABLE DOUBT" AND THAT A TRIAL JUDGE HAD NO
STANDING AUTHORITY TO SENTENCE THE PETITIONER TO UPPER TERM ON
AGGRAVATING SENTENCE ON FACTS UPON PREPONDERANCE OF EVIDENCE.
THEREFORE, RESENTENCING IS REQUIRED TO CORRECT THE CONSTITUTIONAL
VIOLATION.
    THE CUNNINGHAM APPLIES RETROACTIVELY TO THIS STATE HABEAS
CORPUS APPEAL.CUNNINGHAM SIMPLY REITERATES A LONGSTANDING RULE
AND DOES <u>NOT</u> <u>ANNOUNCE</u> <u>A</u> <u>NEW</u> <u>RULE</u>,THEN RETROACTIVELY APPLIES.EVEN
IF ARGUED THAT CUNNINGHAM CHARACTERIZED AS A "NEW RULE", IT WILL
STILL APPLY TO THE PETITIONER AS IT CERTAIN KINDS OF PRIMARY
,PRIVATE INDIVIDUAL CONDUCT BEYOND THE POWER OF THE CRIMINAL LAW
MAKING AUTHORITY TO PROSCRIBE,"OR WHERE THE NEW RULE IS IMPLICIT
IN THE CONCEPT OF ORDERED LIBERTY."(TEAGUE V LANE 489 U.S

288(1989).THE LATTER CATEGORY IS RESERVED FOR WATERSHED RULES OF
CRIMINAL PROCEDURE."Id.at 311.

CUNNINGHAM DOES NOT ANNOUNCE A NEW RULE BUT RATHER IS A
"CORRECTION OF A MISINTERPRETATION",(HISTORICAL EMPHASIS IN
CUNNINGHAM).PETITIONER  SENTENCE IS INACCURATE,UNDER
CUNNINGHAM.THE CUNNINGHAM RULE IS RETROACTIVE(SCHRIRO V
SUMMERLIN,159 L.ED.2d 442,542 U.S 348,124 S.CTat
2519,2523(2004).CUNNINGHAM  PRONOUNCEMENT COULD BE LEGITIMATELY
VIEWED AS A CONTINUATION OF SUPREME COURT
JURISPRUDENCE.CUNNINGHAM DOES NOT DEVIATES FROM THE RULING OF
APPRENDI,BLAKELY,SECONDLY, THE REACHING IN CUNNINGHAM RESULT DID
RESULT FLOWED FROM A CONSTANT RULE.

THE CUNNINGHAM RULE DOES NOT NARROW THE SCOPE OF A CRIMINAL
STATUTE BY INTERPRETING ITS TERMS ,NOR IS IT A  CONSTITUTIONAL
DETERMINATION THAT PLACES PARTICULAR CONDUCT OR PERSONS COVERED
BY THE STATUTE BEYOND THE STATE's POWER TO PUNISH.(SUMMERLIN,124
S.CTat 2522.THE CUNNINGHAM RULING IS PROCEDURAL AND SUBSTANTIVE
GUARANTEE",THEREFORE CUNNINGHAM MERITS RETROACTIVE APPLICATION AS
IT IMPLICATES "THE FUNDAMENTAL FAIRNESS AND ACCURACY OF THE
CRIMINAL PROCEEDING AT SENTENCING".(SAFFLE V PARKS ,494 U.S
484,(1990).

WHETHER CUNNINGHAM IS RETROACTIVE OR WATERSHED RULE", THIS
COURT RULING DOES NOT DISTURBS THE ACCURACY OF THE CONVICTION
,ONLY THE ACCURACY OF THE SENTENCE IMPOSE ON DEFENDANTS.
THE CUNNINGHAM REQUIREMENT IS FUNDAMENTAL TO OUR LEGAL REGIME IS
BEYOND DISPUTE. JUSTICE GINSBURG ELOQUENT RECITATION OF THE
HISTORY ,PURPOSE AND PLACE OF THE JURY-TRIAL BEYOND A REASONABLE
DOUBT ANSWERS THIS QUESTION.
THE ACCURACY AND RELIABILITY DO NOT EXIST IN A VACUUM.RATHER
,"THE CENTRAL CONCERN OF THE SIXTH AMENDMENT RIGHT TO A
JURY-TRIAL,IS TO ENSURE THE RELIABILITY OF THE EVIDENCE AGAINST A

CRIMINAL DEFENDANT BY SUBJECTING IT TO RIGOROUS TESTING IN THE
CONTEXT OF AN ADVERSARY PROCEEDING BEFORE THE TRIER OF FACT.WHERE
THE JUDGE NOT A JURY FIND FACTORS TO INCREASE THE PUNISHMENT
,THEN THE SENTENCE IS WRONGFUL AND VIOLATION OF THE
CONSTITUTION.RULES THAT ARE PROPERLY CONSIDERED RETROACTIVE ARE
THOSE THAT "ALTER OUR UNDERSTANDING OF THE BEDROCK PROCEDURAL
ELEMENTS ESSENTIAL TO THE FAIRNESS OF A PROCEEDING.(SAWYER V
SMITH,497 U.S 227(1990)(internal quotations omitted).THE SUPREME
COURT JURY-TRIAL JURISPRUDENCE IN CUNNINGHAM CANNOT BE DISMISSED
AS A MERE TWEAK ON THE JURY-TRIAL RIGHT.THE SUPREME COURT SURELY
DID NOT CONCEIVE OF IT AS SUCH.RATHER, THE COURT DESCRIBES THE
RIGHT TO JURY BEYOND A REASONABLE DOUBT AS A "BEDROCK PROCEDURAL
GUARANTEE",NOTES THAT IT "DATES BACK TO ROMAN TIMES" AND WAS PART
OF THE COMMON LAW KNOWN TO THE FOUNDING GENERATION.

   FINALLY , PETITIONERS MERITS RELIEF UNDER THIS WRIT AND
SURVIVES THE AEDPA ,DETERMINING THAT CUNNINGHAM IS RETROACTIVE
,THE REMAINING TASK IS TO DETERMINE WHETHER, UNDER AEDPA AND
UNDER THE CALIFORNIA COURTS ANALYSIS OF PETITIONER CURRENT CLAIMS
AND PREVIOUSLY ARGUED CLAIMS ,THE CALIFORNIA COURTS ANALYSIS WAS
" CONTRARY TO, OR INVOLVED AN UNREASONABLE APPLICATION OF,CLEARLY
ESTABLISHED FEDERAL LAW.


   THEREFORE, PETITIONER WRIT OF HABEAS CORPUS SHOULD BE GRANTED
, AND PETITIONER SHOULD BE GIVEN A  RESENTENCING TRIAL FOR THE
UPPER TERM , OR THAT PETITIONER BE RESENTENCE TO THE MID TERM
ALLOWED BY THE PENAL CODE OF 1999 ,WHEN PETITIONER WAS ORIGINAL
CONVICTED AND SENTENCE.

6

**GROUND TWO**: VIOLATION OF THE SIX AMENDMENT BY INSTRUCTING THE JURY WITH CAL.JIC. 2.50.01 ,IN WHICH LESSENED THE BURDEN OF PROOF ,WHICH ALSO VIOLATES THE DUE PROCESS:

PETITIONER ,MOVES THIS COURT IN STARE DECISIS ,as he claims violation of the six amendment by the Trial Court in instructing the jury CAL.JIC. NO. 2.50.01/2.50.1 ,which allowed the jury to find guilt by relying on facts found only by a preponderance of evidence. This lessened the burden of proof, violates petitioner Due Process rights under In re Winship,397 U.S 358,90 S.CT 1068(1970),which requires the prosecution to prove every elements charged in a criminal offense beyond a reasonable doubt.Thus, the constitutionally infirm instruction deprived petitioner of a 'jury verdict' within the meaning of the Six Amendment ."(*SULLIVAN V LOUISIANA,508 U.S 275,280,113 S.CT 2078(1993).

**FACTS OF THE CASE:**

PETITIONER ,ON DECEMBER 18,2006,became aware of case ;GIBSON V ORTIZ,387 f.3d 812(9thCIR.2004),as the Santa Clara University Law School was nice enough to provide this case law to the petitioner after petitioner requested help in his case.As both Salinas valley and Lancaster state prison did not have the up dated cases and petitioner had no way to discover this new case until the University provide the research and the case law.Therefore , when petitioner become aware of this case ,is when the triggering facts become available to file this claim / ground before this court today.

Petitioner, originally on direct appeal made the same arguments that the "GIBSON" CASE MADE ,AND PETITIONER DID SAFE GUARD THIS ISSUES FOR A NEW CASE LAW TO TRIGGER RELIEF UPON THE PETITIONER. Petitioner therefore,is entitle to relief on writ under this ground as "GIBSON" ,APPLIES TO THE ISSUED NOW AND PREVIOUSLY PRESENTED BY THE PETITIONER and the case is retroactively applies to petitioner (**PETITIONER HEREIN ADOPTS HEREIN THE ARGUMENTS SUPRA ARGUED IN GROUND ONE ON RETROACTIVE APPLICATION** ).

NOT APPLYING GIBSON ruling to petitioner today , is a miscarrige of justice and to let the conviction stand ,is a miscarrige of justice in violation of all the principles of our constitutional Due Process and rights under the Six Amendment.

7

**JURISDICTION:**    THIS COURT HAS JURISDICTION TO GRANT RELIEF ON
WRIT ,WHEN A PRIMA FACIE ISSUE IS RAISED AND PROVEN AND NOT TO
GRANT A WRIT WOULD BE A INJUSTICE AND CONTRARY TO WELL
ESTABLISHED CONSTITUTIONAL LAW.
JURISDICTION IS EXTENDED WHEN HABEAS CLAIM IS PROVEN TO BE A
RESULT OF A DECISION THAT WAS CONTRARY TO, OR INVOLVED AN
UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW, AS
DETERMINED BY THE SUPREME COURT OF THE UNITED STATES.(28 U.S.C§
2254(d)(1);LOCKYER V ANDRADE ,538 U.S 63,70-71,123 S.CT
1166(2003).(BELL V CONE,535 U.S 685,694(2002); WILLIAMS V TAYLOR
529 U.S 362,405-406,(2000).

   A STATE COURTS DECISION IS AN UNREASONABLE APPLICATION OF
CLEARLY ESTABLISHED FEDERAL LAW IF "THE STATE COURT IDENTIFIES
THE CORRECT GOVERNING LEGAL PRINCIPLES FROM [SUPREME COURT]
DECISIONS ,BUT UNREASONABLY APPLIES THAT PRINCIPLES TO THE FACTS
OF THE PRISONER CASE".(WILLIAMS ,529 U.Sat413.).

   AS ARGUED TODAY AND PRESERVED AS PREVIOUSLY ARGUED ISSUED
PETITIONER ARGUES AS FOLLOWS:

   AS THE GIBSON CASE SUPRA, AND AS PETITIONER ARGUED THAT
CAL.JIC.NO 2.50.01 and 2.50.1 is unconstitutional as it permitted
his conviction on the basis of propensity evidence alone,or by
preponderance of evidence which violates the Due Process and
Sixth Amendment.Petitioner's jury was instructed with 1996
version/1999 in which later California revised it in 2002.
   California jury instruction 2.50.1 and 2.50.1 impermissibly
reduce the prosecution burden of proof beyond a reasonable doubt
standard. The admission of 'prior uncharged acts' is
misrepresenting facts in evidence can amount to substantial error
because doing so 'may profoundly impress a jury and may have a
significant impact on the jury's deliberations. Uncharged priors
,is implication to the jury that the prosecutor has evidence

known to the government ,but not known to the jury.

THe instruction given to the jury provided that propensity evidence is sufficient to return a conviction ,when the evidence of the prior offense even uncharged priors is found to be true 'by a preponderance of evidence ,'given this phrasing ,the instruction effectively informs the jury that propensity evidence is sufficient ,standing alone to justify a conviction when the prior offense are established by proof by preponderance of evidence,therefore such lessened the prosecutors burden of proof beyond a reasonable doubt. ( JOHNSON V BAKER (1914) 167 CAL.260,264.).

**PETITIONER HEREIN ADOPTS AND INCORPORATES THE ARGUMENTS AND ANALYSIS MADE IN GIBSON V ORTIZ 387 F.3d 812(9th.cir.2004.**

The application to petitioner case was contrary to federal law and U.S Supreme law.

With respect to the question of prejudice ,the error is structural and of constitutional magnitude and therefore requires reversal(SULLIVSN V LOISIANA (1993) 508 U.S 275,279).THis is so since the error impermissibly allowed the jury to return a conviction based on evidence which does not satisfy the standard of proof beyond a reasonable doubt.( CALIFORNIA V CHAPMAN ).

THE NINTH CIRCUIT, resolve the split authority that developed in the California court of appeals, THE NINTH CIRCUIT,rule that is been along standing rule from Roman Times that under the Due Process of the U.S Constitution and similar California Constitutional provisions, the state must prove every factual and legal element of the charged offense beyond a reasonable doubt.( In re Winship (1970) 397 U.S 358,363-64 (25 L.ED.2d 368; 90 S.CT 1068].Jury instructions that relieve the prosecution of this burden violate a defendant's due process rights,subvert the presumption of innocence and invade the truth-finding province

9

assigned solely to juries in criminal cases.( FRANCIS V FRANKLIN
(1985) 471 U.S 307,105 S.CT. 1965): SANDSTROM V MONTANA,(1979)
442 U.S 510,99 S.CT 2450]; CARELLA V CALIFORNIA (1989) 491 U.S
263,265,109 S.CT 2419]; County Court of Ulster County v Allen
(1979) 442 U.S 140,99 S.CT 2213]; People v Roder (1983) 33 Cal.3d
491; People v Figueroa (1986) 41 Cal.3d 714,726;People v
Hedgecock (1990) 51 Cal.3d 395,407;People v Korbrin (1995) 11
Cal. 4th 416.).

   THE DUE PROCESS CLAUSE OF THE FOURTEEN AMENDMENT REQUIRES THE
PROSECUTION TO PROVE EVERY ELEMENT CHARGED IN A CRIMINAL OFFENSE
BEYOND A REASONABLE DOUBT, A PROPOSITION OF WHICH THERE COULD BE
NO DOUBT WHEN PETITIONER WAS TRIED.(SEE WINSHIP,397 U.S.at 364).
IF THE JURY IS NOT PROPERLY INSTRUCTED THAT A DEFENDANT IS
PRESUMED INNOCENT UNTIL PROVEN GUILTY BEYOND A REASONABLE DOUBT,
THE DEFENDANT HAS BEEN DEPRIVED OF DUE PROCESS.SEE MIDDLETON V
MCNEIL,541 U.S 4333,124 S.CT. 1830,1832 (2004);TAYLOR V
KENTUCKY,436 U.S 478,98 S.CT. 1930(1978).ANY JURY INSTRUCTION
THAT "REDUCE[s] THE LEVEL OF PROOF NECESSARY FOR THE GOVERNMENT
TO CARRY ITS BURDEN ...IS PLAINLY INCONSISTENT WITH THE
CONSTITUTIONALLY ROOTED PRESUMPTION OF INNOCENCE." COOL V UNITED
STATES,409 U.S 100,104,93 S.CT. 354 (1972).

   Although the Constitution does not require jury instruction to
contain any specific language ,the instruction must convey both
that a defendant is presumed innocent until proven guilty and
that he may only be convicted upon a showing of proof a
reasonable doubt.see VICTOR V NEBRASKA,511 U.S 1,5,(1994).THE
ESSENTIAL CONNECTION TO A "BEYOND A REASONABLE DOUBT FACTUAL
FINDING CANNOT BE MADE WHERE THE  INSTRUCTIONAL ERROR CONSISTS OF
A MISDESCRIPTION OF THE BURDEN OF PROOF ,WHICH VITIATES ALL THE

10

JURY's FINDING's".SULLIVAN ,SUPRA, 508 U.S.at281(emphasis in
original).WHERE SUCH AN ERROR EXISTS ,IT IS CONSIDERED STRUCTURAL
AND THUS IS NOT SUBJECT TO HARMLESS ERROR REVIEW.SEE Id. at
280-82.

THE EXPLICIT LANGUAGE  OF CAL.JIC NO. 2.50.1 carves out of the
general reasonable doubt standard a specific exception for prior
evidence or the charged offense,which carries only a
preponderance burden.NINth Circuit found no reason to deviate
from the well-settle rule of construction that the specific
controls the general.SEE FLORES -CHAVEZ V ASHCROFT,362 f.3d
1150,1158 (9th.cir2004).(FRANCIS V FRANKLIN SUPRA).

PETITIONER HEREIN ONCE AGAIN ADOPTS BY REFERENCE AND
INCORPORATES THE FULL ARGUMENTS AND COURT ANALYSIS FROM THE COURT
IN GIBSON V ORTIZ SUPRA CASE.

BECAUSE PETITIONER TRIAL COURT OFFERED NO EXPLANATION
HARMONIZING THE TWO BURDENS OF PROOF DISCUSSED IN THE JURY
INSTRUCTIONS ,PETITIONERS JURY WAS PRESENTED WITH TWO ROUTES OF
CONVICTION ,ONE BY A CONSTITUTIONALLY SUFFICIENT STANDARD AND ONE
BY A CONSTITUTIONALLY DEFICIENT ONE.AS FRANCIS MAKES IT
CLEAR,THAT THE TRIAL COURT INSTRUCTED THE JURY GENERALLY WITH THE
CORRECT STANDARD DOES NOT MEAN THAT DUE PROCESS WAS NOT VIOLATED
WHEN AN EXCEPTION TO THAT STANDARD WAS NOT ONLY PRESENTED TO THE
JURY ,BUT OFFERED AS A POSSIBLE MEANS OF CONVICTION.
MOREOVER ,THE SECOND PARAGRAPH OF CAL.JIC. NO.2,50.1 INSTRUCTED
JURORS GENERALLY THAT ANY INFERENCE THEY MAKE MUST BE NECESSARILY
BASED UPON FACTS PROVEN BEYOND A REASONABLE DOUBT.THIS
INSTRUCTION SQUARELY CONFLICTS WITH THE LANGUAGE OF CAL.JIC NO.
2.50.01,which instructed jurors that facts of prior alleged
offenses need only be proven by a preponderance of evidence to
support an inference that petitioner had committed the charged
offenses.

THEREFORE BECAUSE THE USE OF CALJIC NO. 2.50.01 was contrary to

11

WINSHIP and SULLIVAN, petitioner's writ should be granted here today and under relief section 2254.

**PETITIONER HEREIN INCORPORATES THE ARGUMENTS FROM GROUND ONE ON RETROACTIVE ARGUMENTS IN FULL.**

THE "GIBSON" CASE APPLIES RETROACTIVELY TO THIS HABEAS CORPUS BEFORE THIS COURT.GIBSON SIMPLY REITERATES A LONGSTANDING RULE AND DOES NOT ANNOUNCE A NEW RULE,  THEN RETROACTIVELY APPLIES.EVEN IF ARGUED THAT GIBSON CHARACTERIZED AS A NEW RULE ,IT WILL STILL APPLY TO THE PETITIONER AS IT CERTAIN KINDS OF PRIMARY ,PRIVATE INDIVIDUAL CONDUCT BEYOND THE POWER OF THE CRIMINAL LAW MAKING AUTHORITY TO PROSCRIBE OR WHERE THE NEW RULE IS IMPLICIT IN THE CONCEPT OF ORDERED LIBERTY.(TEAGUE V LANE 489 U.S 288(1989).

GIBSON DOES NOT ANNOUNCE A NEW RULE ,BUT RATHER IS A CORRECTION OF A MISINTERPRETATION BY CALIFORNIA COURTS IN APPLYING THE WINSHIP STANDARD OR GUILT BEYOND A REASONABLE DOUBT STANDARD. GIBSON RULE IS RETROACTIVE (SCHRIRO V SUMMERLIN ,542 U.S 348 (2004).GIBSON PRONOUNCEMENT IS LEGITIMATELY VIEWED AS A CONTINUATION OF SUPREME COURT JURISPRUDENCE.

LASTLY, WHEN PETITIONER CLAIM OF A CONSTITUTIONAL MAGNITUDE ARE CONSIDERED ON THE MERITS, HIS CLAIMS OF +ACTUAL INNOCENCE IS SUFFICIENT TO BRING HIM WITHIN THE NARROW CLASS OF CASES.. .IMPLICATING A FUNDAMENTAL MISCARRIAGE OF JUSTICE. (SCHULP V DELO,513 U.S 298 (1995).

[E]RROS THAT UNDERMINE CONFIDENCE IN THE FUNDAMENTAL FAIRNESS OF THE STATE ADJUDICATION CERTAINLY JUSTIFIES THE ISSUANCE OF THE FEDERAL WRIT.(WILLIAMS V TAYLOR, 529 U.S 362,375 (2000)(citing; TEAGUE V LANE 489 U.S 288,311-314(1989).

THEREFORE PETITIONER PRAYS THAT THIS COURT GRANT THE WRIT AND REMANDS THE CASE BACK FOR RETRIAL UNDER CONSTITUTIONAL DIMENSION AND GUARANTEES.

12

**CONCLUSION**

PETITIONER HEREIN PRAYS THAT THIS COURT GRANT RELIEF AND GRANTS THE WRIT ON EVERY GROUND PRESENTED.

HABEAS CORPUS IS WARRANTED WHERE ERROR's HAD SUBSTANTIAL AND INJURIOUS EFFECT OR INFLUENCE IN DETERMINING THE JURY's VERDICT.(BRECHT V ABRAHAMSON, 507 U.S 619,637 (1993);MITCHELL V ESPARZA 540 U.S 12 (2003):CALIFORNIA V ROY ,519 U.S 2,4-6(1996)(per curiam).

ERRORS THAT UNDERMINED IN THE FUNDAMENTAL FAIRNESS OF THE STATE ADJUDICATION CERTAINLY JUSTIFY THE ISSUANCE OF THE FEDERAL WRIT.(WILLIAMS SUPRA.).

"WHILE THE BURDEN OF PURSUASION ON ERROR REVIEW FALLS ON A PETITIONER ,HE NEED NOT PROVE THAT THE ERROR WAS OUTCOME DETERMINATIVE : INSTEAD HE MUST MERELY REMOVE ANY ASSURANCE THAT THE BURDEN DID NOT EFFECT THE OUTCOME.(SEE: BECK V HAIK,377 f.3d 624,635 (6th.cir2004). HEREIN IN PETITIONER CASE, THE ERROR LIED IN THE STATE COURTS MISINTERPRETATION AND CONTRARY APPLICATION OF WINSHIP GUILT BEYOND A REASONABLE DOUBT STANDARD.

U.S SUPREME COURT PRECEDENT PRECLUDES A REVIEWING COURT FROM "CONDUCTING A SUBJECTIVE INQUIRY INTO THE JURORS MINDS" IN ORDER TO UP HOLD A CONVICTION.( YATES V EVATT,500 U.S 391(1991)(overruled on other grounds).

LASTLY , THE "REVIEWING COURT ARE NOT FREE TO EVALUATE THE EVIDENCE AND POSTULATE WHAT THE JURY WOULD HAVE FOUND IF IT HAD BEEN A TRIAL WITHOUT THE ERROR.THE QUESTION IS NOT WHETHER GUILT MAY BE SPELL OUT BY THE RECORD ,"BUT, WHETHER GUILT HAS BEEN FOUND BY A JURY ACCORDING TO THE PROCURE AND STANDARDS APPROPRIATE TO CRIMINAL TRIALS AND APPROPRIATE OF GUILT BEYOND A REASONABLE STANDARD.( CARELLA V CALIFORNIA ,491 U.S 263,269

13

(1989)(per curiam).

PETITIONER TODAY HAS CARRY HIS BURDEN OF PERSUASION ,AND HAS RAISED A PRIMA FACIE ISSUE THAT IF CORRECT WILL ENTITLE HIM TO RELIEF ,AND THE RIGHT TO A NEW TRIAL FREE FROM ERRORS AND TO JURY GUARANTEES UNDER THE SIXTH AMENDMENT AND UNDER THE DUE PROCESS OF FEDERAL LAW.

PETITIONER HEREIN PRAYS FOR A GRANT OF THIS WRIT OF HABEAS CORPUS.

PETITIONER HEREIN SIGNS AND VERIFIES UNDER PENALTY OF PERJURY THAT THE HEREIN SAID IS TRUE AND CORRECT.

DATE: 5/25/08                    RESPECTFULLY SUBMITTED,

14

Exhibit

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| RAMON MURILLO, | ) No. ED CV 08-00476-GAF (VBK) |
|         Petitioner, | ) |
| | ) JUDGMENT |
|   v. | ) |
| | ) |
| SYLVIA GARCIA, | ) |
| | ) |
|         Respondent. | ) |
| | ) |

Pursuant to the Order Summarily Dismissing Petition for Writ of Habeas Corpus for Lack of Subject Matter Jurisdiction,

**IT IS ADJUDGED** that this action is summarily dismissed pursuant to Rule 4 of the Rules Governing §2254 Cases in the United States District Courts.

DATED: 4/17/08

GARY A. FEESS
UNITED STATES DISTRICT JUDGE

Exhibit

2

S154102

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re RAMON MURILLO on Habeas Corpus

The petition for writ of habeas corpus is denied.

Werdegar, J., was absent and did not participate.

SUPREME COURT
# FILED

JAN − **3** 2008

Frederick K. Ohlrich Clerk

Deputy

GEORGE
Chief Justice

Exhibit

3

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

**ORDER**

FILED
MAR 2 1 2007
COURT OF APPEAL FOURTH DISTRICT

In re

RAMON A. MURILLO

on Habeas Corpus.

E042540

(Super.Ct.No. FSB1998)

The County of San Bernardino

THE COURT

The petition for writ of habeas corpus is DENIED.

**McKINSTER**

Acting P.J.

cc:    See attached list



EXhibiT
4

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN BERNARDINO

ACIS Case No.:                  JUDGE:  BOB N. KRUG          DATE:   February 23, 2007

CASE NO.: SWHSS – **9218**       CLERK:  V. GAYTON            COUNSEL:

DEPT.:  S-16                    BAILIFF:  --

CASE TITLE:        In the Matter of the Application of
                   **RAMON MURILLO**
                   on Habeas Corpus

NATURE OF PROCEEDINGS:

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

MINUTE ORDER:

The Petition for Writ of Habeas Corpus filed with this court on February 20, 2007 seeks to have his sentence reduced.

The Petition is denied.

The Petitioner wants to be re-sentenced.  He contends he was sentenced by a judge to the upper term in 1999 citing Cunningham v. California.

The Cunningham ruling in 2007 does not apply to the Petitioner, whose appeal rights have long expired.

MC-275

Name _Ramon Murillo_

Address _480 Alta Road_

_PO Box 799003_

_San Diego CA 92179_

CDC or ID Number _P43503_

FILED - Central District
San Bernardino County Clerk

FEB 2 0 2007

By _[signature]_
                              Deputy

## SUPERIOR COURT
### San Bernardino County
(Court)

| | |
|---|---|
| _Ramon Murillo_ <br> Petitioner <br><br> vs. <br><br> _State of California_ <br> Respondent | **PETITION FOR WRIT OF HABEAS CORPUS** <br> In Stare Decisis <br><br> No. **SWHSS 9218** <br> (To be supplied by the Clerk of the Court) |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

Exhibit

5

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN BERNARDINO

ACIS Case No.:                    JUDGE:  BOB N. KRUG              DATE: April 6, 2007

CASE NO.:FSB 19885                CLERK:  V. GAYTON                COUNSEL:

DEPT.: S-16                       BAILIFF: --

CASE TITLE:    In the Matter of the Application of
               **RAMON MURILLO**
               on Coram Nobis

NATURE OF PROCEEDINGS:

### ORDER DENYING PETITION FOR WRIT OF CORAM NOBIS

MINUTE ORDER:

The Petitioner has filed what he has entitled as a "Curiam Nobis" contending he was improperly sentenced to the aggravated term by the court without a jury determination.

The Petitioner is using the wrong vehicle to raise this issue.  Coram Nobis is used to raise facts of evidence existing during trial but not known to the Defendant and had the evidence been presented, it is likely the Defendant would have been acquitted.  People v. Shipman 62 Cal. 2nd 226.

The Petitioner presents his Writ under the holding of Cunningham v. California 127 S. Ct. 856.  The Petitioner/Defendant was convicted and sentenced in 2001 and his appeal rights were long expired before the holding in Cunningham, Supra, or Blakely v. Washington 124 S. Ct. 2531.

This Petition is denied.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN BERNARDINO, CENTRAL DISTRICT

TITLE OF CASE (ABBREVIATED):        In the Matter of the Application of
**RAMON MURILLO**
on Coram Nobis

CASE NUMBER:        FSB - 19885

---

## DECLARATION OF SERVICE BY MAIL

My business address is: San Bernardino Superior Court, 351 N. Arrowhead Avenue, San Bernardino, California 92415.

I hereby declare that I am a citizen of the United States, over the age of 18, employed in the above-named county, and not a party to nor interested in this proceeding. On _____April 6, 2007_____, I deposited in the United States mail at San Bernardino, California, a sealed envelope (postage prepaid) which contained a true copy of the attached:

**NAME OF DOCUMENT:**

## ORDER DENYING PETITION FOR WRIT OF CORAM NOBIS

which was addressed as follows:

**Name and Address of Persons Served:**

Ramon Murillo, P-43503
480 Alta Road
San Diego, CA 92179

At the time of mailing this notice there was regular communication between the place of mailing and the place(s) to which this notice was addressed.

I declare under penalty of perjury the foregoing to be true and correct.

DATED:        _____April 6, 2007_____        by _____

Mary Jo Phipps
Judicial Secretary

Exhibit

6

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

March 7, 2005

Mr. Ramon A. Murillo
Prisoner ID P43503
SVSP
P. O. Box 1030
Soledad, CA  93960

Re:  Ramon A. Murillo
     v. Tom L. Carey, Warden
     No. 04-7977

Dear Mr. Murillo:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

William K. Suter, Clerk

Exhibit
7

# SUPERIOR COURT OF CALIFORNIA
## CENTRAL DISTRICT

## REQUEST FOR FURTHER ACTION

Judge __James A Edwards__          Date __03/22/01__

Name __Ramon A Murrillo__          Case __FSB19885__

Plaintiff/Defendant Request:

The defendant is stating the sentencing after filing of the Remittitur may be in error.

Mr. Murrillo also request the case be calendared to correct the courts error.

Please review the attached and advise of any action to be taken

Armando G. Espinoza, Deputy Clerk

---

### COURT ORDER

Granted _____

Denied _____

Remarks _____ no action

DATE _____          JUDGE _____

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I (a) PLAINTIFFS

**Ramon Murillo**

**FILING FEE PAID**
Yes      No

**IFP MOTION FILED**
Yes      No

**COPIES SENT TO**
Court      Prse

DEFENDANTS

**Robert Hernandez**

**FILED**
MAY 29 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED   San Diego
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Ramon Murillo**
**480 Alta Road**
**San Diego, CA 92179**
**P-43503**

ATTORNEYS (IF KNOWN)

**'08 CV 0957 BEN PCL**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 28 U.S.C. 2254

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

## VIII. RELATED CASE(S) IF ANY (See Instructions):     JUDGE
Docket Number

DATE    5/29/2008

SIGNATURE OF ATTORNEY OF RECORD
R. mell'